Salvador **HERNANDEZ,**
**Plaintiff–Appellant,**

v.

Mark A. **BRECEDA; et al.,**
**Defendants–Appellees.**

No. 05–56890.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.[*]

Filed May 1, 2007.

Salvador Hernandez, Salvador Hernandez, pro se.

Richard R. Clouse, Esq., Amy R. Von Kelsch–Berk, Esq, Cihigoyenetche Grossberg & Clouse, Rancho Cucamonga, CA, Thomas E. Singh, Irwindale, CA, for Defendants–Appellees.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Salvador Hernandez appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action, in which he alleged that defendants retaliated against him for exercising his First Amendment rights and slandered and defamed him.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir.2002). We also review de novo a district court's decision to grant or deny legislative immunity. *Kaahumanu v. County of Maui*, 315 F.3d 1215, 1219 (9th Cir.2003) (absolute immunity); *Menotti v. City of Seattle*, 409 F.3d 1113, 1152 (9th Cir.2005) (qualified immunity). We affirm.

The district court correctly determined that Mayor Breceda is entitled to qualified legislative immunity. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). We agree that Hernandez failed to raise a triable issue of fact as to whether Mayor Breceda violated Hernandez's rights or caused third parties to retaliate against him. *See Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002) (The "first prong of qualified immunity thus mirrors the substantive summary judgment decision on the merits."). Because Mayor Breceda is entitled to qualified immunity, we do not consider Hernandez's contentions regarding absolute immunity.

The district court did not abuse its discretion by refusing to admit into evidence an unauthenticated and incomplete transcript of the January 20, 2002 city council meeting. *See Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir.2002) (evidentiary

rulings reviewed for an abuse of discretion). "We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Id.* (citations omitted).

Given Hernandez's repeated non-compliance with the Local and Federal Rules governing the filing of discovery motions, the district court did not abuse its discretion in denying Hernandez's third motion to compel discovery and to extend the discovery deadline. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002) (discovery rulings reviewed for an abuse of discretion).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.